UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Anderson, | ) | C/A No. 9:14-1656-JMC-BM |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| FCI Williamsburg Warden Cruz, | ) | |
| Respondent. | ) | |

The Petitioner, Jeffrey Anderson, has filed this action *pro se* seeking habeas relief pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the instant case

---

[1] *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).



is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner is serving a sentence of two hundred thirty-five (235) months for convictions pursuant to 18 U.S. 922(g)(1) and 924(a)(2), (e). Petition, ECF No. 1 at 1. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on October 31, 2007. *United States v. Anderson*, 249 F. App'x 982 (4th Cir. 2007). Petitioner previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on September 29, 2008. *See United States v. Anderson*, Criminal No. 05-179 (D.S.C.)(ECF No. 78).[2] Petitioner then filed a second § 2255 motion on November 15, 2010, which was denied as a second or successive application on November 15, 2010. *U.S. v. Anderson*, Criminal No. 3:05-179-CMC, 2010 WL 4721135 (D.S.C. Nov. 15, 2010). Petitioner also filed an application to the Fourth Circuit to file a second or successive petition, which he states was "recently denied." *See* ECF No. 1 at 12-13.

In his Petition, Petitioner argues that prior convictions under South Carolina law for Assault and Battery of a High and Aggravated Nature ("ABHAN") and Failure to Stop for a Blue Light ("Blue Light") no longer qualify as predicate offenses for the purpose of sentencing him as a career offender pursuant to the Armed Career Criminal Act ("ACCA").[3] Therefore, Petitioner argues

---

[2]*See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3]The ACCA, 18 U.S.C. § 924(e), imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms and who also have three or more



2

that his current sentence is improper, and requests that he be resentenced and discharged from imprisonment. ECF No. 1 at 9.

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (*citing In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). While Petitioner argues that his remedies are inadequate because his prior petition under § 2255 was denied, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct

---

previous convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).



3

> of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)(emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n. 3. Petitioner does not meet these criteria.

Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by a substantive law change. Rather, Petitioner argues that the sentencing court improperly enhanced his sentence as a career offender based on his Blue Light and ABHAN convictions, when those convictions no longer qualify as predicate felony convictions for ACCA purposes. Petitioner further argues that he is "actually innocent" of being an Armed Career Criminal (i.e., that he is actually innocent of the ACCA enhancement). However, the United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241); *Whiteside v. United States*, No. 13-7152, 2014 WL 1364019, at *27 n. 4 (4th Cir. Apr. 8, 2014)(noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit). Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument of actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to

4

eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *see also Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Bristow Marchant
United States Magistrate Judge

June 24, 2014
Charleston, South Carolina

***The Petitioner's attention is directed to the important NOTICE on the next page.***

5



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

